NUMBER 13-05-082-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

JOSE CARRERAS, M.D., P.A.,                                   Appellant,

 

                                           v.

 

CARLOS
FRANCISCO MARROQUIN, ET AL.,                  Appellee.

 

 

 

                  On appeal from the 206th
District Court

                           of Hidalgo
County, Texas.

 

 

 

             DISSENTING MEMORANDUM PINION

 

                    Before Justices Rodriguez, Castillo,
and Garza

                Dissenting Memorandum Opinion by Justice Castillo

 








By one issue,
appellant, Jose Carreras, M.D., appeals the trial court's denial of his motion
for dismissal and sanctions based upon the Marroquins' failure to file an
expert report that conforms to the requirements of section 74.351 of the Texas
Civil Practice and Remedies Code. 
Because I conclude the export report is inadequate, I would reverse and
render.  Thus, I respectfully dissent.

I.  Background

On February 26, 2004, the
Marroquins brought a medical malpractice case against Carreras.  On June 16, 2004, the Marroquins answered
requests for disclosure and produced an unsigned expert report purportedly
tendered by a physician.  The Marroquins
contend a portion of that report encompasses the expert's curriculum
vitae.  On July 28, 2004, the Marroquins
provided a report signed by the expert, again with no separate curriculum
vitae.  On November 10, 2004, Carreras
filed a motion for sanctions and for dismissal for failure to comply with the
requirements of section 74.351.[1]
 See Tex. Civ. Prac. & Rem. Code Ann. _ 74.351 (Vernon
2005).  Following a hearing, the trial
court denied the motion for sanctions and dismissal.  Carreras brings this appeal, complaining that
the trial court abused its discretion in failing to grant the motion for
sanctions and for dismissal.

Carreras contends the
expert report filed was (1) untimely, and (2) did not comport with the
requirements of section 74.351 because (a) no curriculum vitae was included,
and (b) the report failed to adequately address causation.  








II.  Jurisdiction

I agree with the
majority that we have jurisdiction over this interlocutory appeal pursuant to
section 51.014(a)(9) of the Texas Civil Practice and Remedies Code.  See
Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(9) (Vernon Supp. 2004-05).  

III.  Standard of Review

The standard of review
of a trial court's order to either retain or dismiss a claim,  or award or refuse sanctions, for failure to
comply with the expert report requirements of this statute is abuse of discretion.  See Am. Transitional Care Ctrs., Inc. v.
Palacios, 46 S.W.3d 873, 877 (Tex. 2001). 
A trial court abuses its discretion if it acts in an arbitrary or
unreasonable manner without reference to any guiding rules or principles.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241‑42 (Tex. 1985). 
When reviewing matters committed to the trial court's discretion, a
court of appeals may not substitute its own judgment for that of the trial
court.  Id. at 242; Salazar v.
Canales, 85 S.W.3d 859, 862 (Tex. App.BCorpus Christi 2002,
no pet.).  With respect to a trial
court's determination of the legal principles controlling its ruling, the
standard is much less deferential. 
"A trial court has no discretion in determining what the law is or
applying the law to the facts.  A clear
failure by the trial court to analyze or apply the law correctly will
constitute an abuse of discretion." 
In re Samonte, 163 S.W.3d 229, 233 (Tex. App.BEl Paso 2005, orig.
proceeding) (applying Tex. Rev. Civ.
Stat. Ann. art. 4590i,[2]
the predecessor statute to section 74.351). 









IV.  Sufficiency of the Expert Report

The statute requires
that an expert report, with a curriculum vitae of each expert listed in the
report, be filed for each physician or health care provider against whom a
liability claim is asserted not later than the 120th day after the claim was
filed.  Tex.
Civ. Prac. & Rem. Code Ann. ' 74.351(a) (Vernon
2005).  An expert report is defined as a
report providing a fair summary of the expert's opinions regarding (1)
applicable standards of care, (2) the manner in which the care rendered failed
to meet the standards, and (3) the causal relationship between that failure and
the injury, harm, or damages claimed.[3]  Id. ' 74.351(r)(6). 









If the plaintiff does
file an expert report, the defendant may challenge its adequacy, and "the
trial court must grant the motion if it appears to the court . . . that the
report does not represent a good faith effort to comply with the definition of
an expert report."  Id. ' 74.351(l); Palacios,
46 S.W.3d at 877.  The expert report must
constitute a good‑faith effort to provide a fair summary of the expert's
opinions, but it need not marshal all the plaintiff's proof.[4]  Id. ' 74.351(l); Palacios, 46 S.W.3d at
878.  It must include the expert's
opinion on each of the elements identified in the statute and, in doing so, it
must provide enough information to fulfill two purposes if it is to constitute
a good‑faith effort.  Palacios, 46
S.W.3d at 878.  First, the report must
inform the defendant of the specific conduct the plaintiff has called into
question.[5]  Second, and equally important, the report
must provide a basis for the trial court to conclude that the claims have
merit.  Id. at 879.  A report that merely states the expert's
conclusions about the standard of care, breach, and causation does not fulfill
these two purposes.  Id.  

A.  Timeliness of the Report  

The Marroquins
tendered an expert report with their responses to requests for disclosure on
June 16, 2004.  Carreras contends that
because this report was unsigned, undated, and did not include the requisite
curriculum vitae, it was inadequate and incomplete as a matter of law.  Since no other report was filed until July 28,
2004, which was after the 120-day statutory deadline, see Tex. Civ. Prac. & Rem. Code Ann. ' 74.351(a) (Vernon
2005), he contends the expert report was untimely and that dismissal and award
of fees and costs is mandatory.  Id.
' 74.351(b).  








The report tendered
purports to present the opinions of the expert identified in the letterhead,
but it includes no signature.  The
statute does not require a signature on the report.  Id. ' 74.351.  But
see Samonte, 163 S.W.3d at 235-38 (in Samonte, the expert report was
unsigned, although that did not form the basis of the court's opinion; instead,
the court focused on the absence of the curriculum vitae, a review of the
expert's qualifications, and the report's conclusory nature).  Noting the inherent difficulty in ascribing
an unsigned report to a particular expert, but assuming without deciding that
the original, unsigned report at issue in this case was timely filed, my
analysis of its adequacy follows.

B.  Adequacy of the Report

1.  The Curriculum Vitae

Carreras challenges
the absence of any curriculum vitae to accompany the report.  The Marroquins counter that the first
paragraph of the report contains a sufficient statement to constitute the
curriculum vitae and that nothing in the statute expressly requires that it be
contained in a separate document.  The
paragraph in the report states:

My name is
[expert].  I have been asked to review
medical records and to offer expert opinions. 
I am qualified to opine in such manner due to my education, training and
experience.  I am Board Certified in
Internal Medicine. I have an M.D. degree from the University of Alabama.  I also hold a Pharmacy degree from Auburn
University, where I received the President's Award as the number one graduate
for the year.  I am a Certified Medical
Review Officer, relating to the interpretation of drug screen results.  I am a Certified Independent Medical examiner,
relating to expertise in performing impairment/disability evaluations.  I have experience as an investigator involved
in pharmaceutical research.  I have
experience as a medical director for a chemical dependency unit in a hospital.

 








Nothing in the statute
necessitates that a curriculum vitae be contained within a separate
document.  However, inclusion of a
curriculum vitae in some form is required. 
Tex. Civ. Prac. & Rem. Code
Ann. ' 74.351(a) (Vernon
2005).

The statute in issue
sets forth very specific requirements with respect not only to the opinions of
an expert tendering a report, but also as to his qualifications which are to be
set out in the curriculum vitae.  Id.
' 74.351.  Section 74.351(r)(5) defines an
"expert" providing such a report as one giving opinion testimony who
is "qualified to testify under the requirements of Section 74.401."  Id. ' 74.351(r)(6). 
Section 74.401 states that a person may qualify as an expert on the
issue of whether a physician departed from accepted standards of medical care, 

. . . only if the
person is a physician who:  (1) is
practicing medicine at the time such testimony is given or was practicing
medicine at the time the claim arose; (2) has knowledge of accepted standards
of medical care for the diagnosis, care, or treatment of the illness, injury or
condition involved in the claim; and (3) is qualified on the basis of training
or experience to offer an expert opinion regarding those accepted standards of
medical care.  

 

Id. ' 74.401(a) (emphasis
added).  A "challenge to the
adequacy of a[n expert] report" may be based on the failure of the report
or the accompanying curriculum vitae to adequately set forth those
qualifications.  In re Windisch,
138 S.W.3d 507, 511 (Tex. App.BAmarillo 2004, orig.
proceeding). 

A Section 13.01 [now
section 74.351(r)(b)] report concerning standards of care for physicians
authored by a person who is not qualified to testify . . . thus cannot
constitute an adequate report.  That the
person is so qualified must appear from the report, with its accompanying
curriculum vitae. . . .  It follows that
a challenge to adequacy of a report under Section 13.01(l) [now section
74.351(l)] may be based on a claim that it fails to demonstrate the person
rendering the opinion is qualified to testify, as well as on other claims of
its inadequacy.

 








Id. (citations
omitted).  See also Samonte, 163
S.W.2d at 235.  The requirement to
furnish a curriculum vitae is therefore not a perfunctory procedural issue, and
Carreras has brought such a challenge.

In reviewing the
paragraph of the Marroquins' expert report purported to contain the curriculum
vitae, as well as the balance of the report, I find no indication that the
physician expert is currently practicing medicine or was so practicing at the
time the claim arose.  Additionally, there
is no indication of the state in which he is licensed or board certified.[6]  Although there are statements of additional
certifications, no agency or entity providing those certifications is
identified.  The report does not set
forth in any detail the expert's experience, but rather makes only conclusory statements
that "I am qualified to opine in such manner due to my education, training
and experience," "I have experience as an investigator involved in
pharmaceutical research," and "I have experience as a medical
director for a chemical dependency unit in a hospital."  None of these statements afford sufficient
information for a defendant or the court to assess the nature of that
experience, its relationship to the claims in issue, or whether the physician
is actively practicing medicine in rendering medical care services relevant to
the claim.  See Tex. Civ. Prac. & Rem. Code Ann. ' 74.401(a), (b), &
(c) (Vernon  2005).








As such, I conclude
that the expert report, with its purported curriculum vitae, is deficient as
matter of law.  A report that omits any
of the statutory requirements does not constitute a good-faith effort and is
inadequate.  Palacios, 46 S.W.3d
at 879.

2.  Causation

Carreras has also
challenged the tendered report, based upon its failure to adequately
demonstrate causation.  See Wood v.
Tice, 988 S.W.2d 829, 832-33 (Tex. App.BSan Antonio 1999, pet. denied) (holding that an
expert report did not meet the statutory requirements because it did not name the
defendants, state how the defendants breached the standard of care, or
demonstrate causation).  Because of my
conclusion relating to the report's failure to adequately set forth the
education and experience qualifications of the tendered expert, I need not
reach this issue.  Tex. R. App. P. 47.1.  

V.  Sanctions








Where an expert report
does not satisfy the statutory requirements, such that it does not constitute a
good faith effort, the trial court has no discretion but to (1) grant the
dismissal of the lawsuit, and (2) award reasonable attorney fees and costs.[7]  See Palacios, 46 S.W.3d at 877 &
880 ("if the plaintiff fails within the time allowed either to provide the
expert reports and curriculum vitae, or to nonsuit . . . the trial court must
sanction the plaintiff by dismissing the case with prejudice, awarding costs
and attorney's fees to the defendant, and ordering the forfeiture of any
applicable cost bond necessary to pay that award . . . ."; the statute
"affords the trial court no discretion").  

Evidence was tendered
in the record to support an award of attorney fees in the amount of $175 per
hour, for a total of $5,500, and that the fees are reasonable.  In the event of an appeal, a reasonable fee
was presented to be $6,000.  The evidence
also established that, in the event a petition for review were filed,
reasonable attorney fees would be $4,000, with an additional $4,000 if the
petition were granted.  There is no
controverting evidence. 

VI. Conclusion

Respectfully, I
conclude that the tendered expert report, even if it were timely  filed, is deficient as a matter of law
because it failed to include an adequate curriculum vitae by which to assess
the qualifications of the tendered expert. 
Because the expert report does not satisfy the statutory requirements,
it does not constitute a good faith effort as contemplated by the statute.  Tex.
Civ. Prac. & Rem. Code Ann' 74.351(l); Palacios,
46 S.W.3d at 877.  Thus, the trial court
had no discretion but to grant the dismissal of the lawsuit and award
reasonable attorney fees and costs.  See
Palacios, 46 S.W.3d at 877 & 880.[8]








Accordingly, I would (1) reverse the
decision of the trial court, (2) render dismissal of the action, and (3) award
as sanctions attorney fees in the amounts requested and costs of court to
Carreras.  

ERRLINDA
CASTILLO

Justice

 

 

 

Dissenting Memorandum
Opinion delivered and filed

this 6th day of
October, 2005.

 

 

 

 











[1] The statute requires objections to
the sufficiency of an expert report be filed and served no

later than 21 days after the report
was served, or all objections are waived. 
Here, because the Marroquins failed to provide the requisite statutory
medical authorization, the case was abated on June 2, 2004, until 60 days after
the Marroquins supplied that authorization. 
Tex. Civ. Prac. & Rem. Code
Ann. ' 74.351(a) (Vernon 2005).  Appellees concede that the motion to dismiss
and for sanctions was timely filed once the abatement terminated on November 9,
2004.  





[2] See
Medical Liability and Insurance Improvement Act of Texas, Act of June 16, 1977,
65th

Leg., R.S., ch. 817, 1977 Tex. Gen.
Laws 2039, repealed by Act of June 2, 2003, 78th Leg., R.S., ch. 204, _ 10.09, 2003 Tex. Gen. Laws 847, 884 (current
version at Tex. Civ. Prac. & Rem. Code Ann. _ 74.001‑.507 (Vernon 2005)).





[3] The same requirements existed under the predecessor statute, as
identified and discussed in Am. Transitional Care Ctrs., Inc. v. Palacios,
46 S.W.3d 873, 877 (Tex. 2001). 





[4] To avoid dismissal, a plaintiff need not present evidence in the report
as if it were actually

litigating the merits.  Palacios, 46 S.W.3d at 879.  The report can be informal in that the
information in the report does not have to meet the same requirements as the
evidence offered in a summary judgment proceeding or at trial.  Id. 





[5] "To inform the defendant of
the specific conduct the plaintiff has called into question, the

report must support the cause of
action alleged by the plaintiff in its pleadings."  Windsor v. Maxwell, 121 S.W.3d 42, 51
(Tex. App.BFort Worth 2003, pet. denied). 





[6] At best, speculation is possible
from the statements that the physician "is" a certified

medical review officer and
independent medical examiner, as well as from the address provided on the
report. 





[7] I note that although there is a
statutory provision by which the court may grant a thirty-day

extension to cure any deficiencies
in a report, neither party sought relief under this provision in this
case.  See Tex. Civ. Prac. & Rem. Code Ann. ' 74.251(c) (Vernon 2005).  





[8] The Supreme Court, in Palacios,
specifically found that dismissal and an award of attorney

fees are appropriate sanctions,
finding no distinction between this situation or other litigation
misconduct.  Palacios, 47 S.W.3d
at 878.