NO. 07-01-0224-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 14, 2001

_____

MICHAEL CHISHOLM et ux LINDA CHISHOLM,

Appellants

v.

BARRY MARON, M.D.,

Appellee

_____

FROM THE 84TH DISTRICT COURT OF HUTCHINSON COUNTY;

NO. 32,382-A; HON. WILLIAM D. SMITH, PRESIDING

_____

Before BOYD, C.J., QUINN and JOHNSON, J.J.

Michael and Linda Chisholm appeal an order dismissing their suit against Barry Maron, M.D. The latter had moved for dismissal because the Chisholms allegedly failed to timely serve him with an expert's report as per §13.01(d)(1) of the Texas Revised Civil Statutes. The trial court agreed with Maron, and granted the motion. On appeal, the Chisholms assert three points of error. The first concerns whether Maron acted timely. The second and third involve whether the court acted prematurely or upon "testimony given by the Plaintiffs' expert." We overrule each and affirm the order of dismissal.

## Background

On March 11, 1997, the Chisholms filed suit against Maron alleging medical malpractice resulting in an injury to Michael. The injury allegedly consisted of trauma to his right sciatic nerve which occurred during hip replacement surgery. Maron filed a motion to dismiss the action on January 21, 1999, contending that the Chisholms failed to timely comply with §13.01 (a) and (d) of the Texas Medical Liability and Improvement Act (the Act). That is, Maron contended that they had not timely furnished him with an expert's report summarizing the supposed malpractice committed by him. The Chisholms sought and received a thirty day extension of time to file the report. Within that extended period, the Chisholms filed what they apparently considered to be a report and resume satisfying the Act. Maron thought otherwise and again moved to dismiss. Through his motion, he urged that the report failed to show that the person opining about Maron's supposed negligence "possessed the qualifications" of an expert. The trial court set the matter for hearing and subsequently granted the motion and dismissed the suit.

## Standard of Review

Whether the trial court erred in dismissing the cause depends upon whether it abused its discretion. *American Transitional Care Ctrs. of Tex. Inc. v. Palacios*, 46 S.W.3d 873, 877 (Tex. 2001); *Hanzi v. Bailey*, 48 S.W.3d 259, 262 (Tex. App.–San Antonio 2001, pet. denied). Next, whether a trial court abused its discretion is dependent upon whether it acted without reference to any guiding rules or principles or without evidentiary support underlying its decision. *Id*.

***Application of Standard***

As previously mentioned, the Chisholms assert three points of error. To adequately address them, however, we first discuss the statutory provisions involved and their meaning. Specifically, one suing another for medical malpractice must

> [n]ot later than the later of the 180[th] day after the date on which a health care liability claim is filed or the last day of any extended period . . . (1) furnish to counsel for each physician . . . one or more expert reports, with a curriculum vitae of each expert listed in the report; or (2) voluntarily nonsuit the action against the physician. . . .

TEX. REV. CIV. STAT. ANN. art. 4590i, §13.01(d) (Vernon Supp. 2001). Should the plaintiff not do so, then the trial court must

> . . . on the motion of the affected physician . . ., enter an order awarding as sanction against the claimant or the claimant's attorney: (1) the reasonable attorney's fees and costs of court incurred by that defendant; (2) the forfeiture of any cost bond respecting the claimant's claim against that defendant to the extent necessary to pay the award; and (3) the dismissal of the action of the claimant against that defendant with prejudice to the claim's refiling.

*Id.* at §13.01(e). However, if a report is timely filed, the opponent may still challenge its adequacy.

Next, to be an adequate expert report within the purview of the Act, it must be written by an expert and provide a fair summary of that expert's opinions regarding the applicable standards of care, the manner in which the care rendered deviated from those standards, and the causal relationship between the deviation and the injury allegedly suffered. *Id.* at §13.01(r)(6). In other words, the expert must do more than merely voice his opinions in the report. He is obligated to also inform the defendant of the specific conduct called into question and provide a basis for the trial court to conclude that the

3

claims have merit. *American Transitional Care Ctrs, of Tex. Inc. v. Palacios*, 46 S.W.3d at 879; *Wright v. Bowie Mem'l Hosp.*, 48 S.W.3d 443, 446 (Tex. App.–Fort Worth 2001, pet. filed).

So too must the report state the name of the purported expert and establish his qualifications as an expert. *Schorp v. Baptist Mem'l Health Sys.*, 5 S.W.3d 727, 732 (Tex. App.--San Antonio 1999, no pet.) (holding that the report did not meet the requirements of §13.01(d) because it omitted the expert's name and qualifications). That the conclusion reached in *Schorp* is accurate is evinced by both statute and Supreme Court precedent. For instance, in defining the term "expert report," the legislature stated, in part, that the document consists of a "written report by an *expert* . . . ." TEX. REV. CIV. STAT. ANN. art. 4590i, §13.01(r)(6). Furthermore, "expert" as defined by the same legislative body, means "an expert *qualified to testify* under the requirements of" art. 4590i, §14.01(a) of the Act. *Id.* at 13.01(r)(5)(A) (emphasis added). So, before a document can be considered an expert report, it must be rendered by one *qualified* to testify as an expert on the particular subject-matter. And, because we are restricted to "the four corners of the document" in determining whether the report complied with the demands of §13.01, *American Transitional Care Ctrs. of Tex. Inc. v. Palacios*, 46 S.W.3d 873, 878 (Tex. 2001), and the document must be that of a qualified expert, it follows that it must illustrate that the person rendering the opinion therein is a qualified expert. Indeed, anything less would fall short of providing a basis for the trial court to conclude that the claims have merit. *See American Transitional Care Ctrs. of Tex. Inc. v. Palacios*, 46 S.W.3d at 879 (stating that the report must provide the trial court basis upon which to conclude that the claims have

4

merit). This is so because claims of medical malpractice without testimonial support from a qualified expert lack merit. *Id.* at 876-77.

Finally, the legislature has also dictated the requirements for qualifying as an expert in a medical malpractice case. According to that body, the individual must 1) be practicing medicine at the time the opinion is rendered or at the time the claim arose, 2) have knowledge of accepted standards of medical care for the diagnosis, care or treatment of the illness, injury, or condition involved in the claim, and 3) be qualified on the basis of training or experience to offer an expert opinion regarding those accepted standards of medical care. TEX. REV. CIV. STAT. ANN. art. 4590i, §14.01(a)(1),(2), & (3). With this said, we turn to the points asserted by the Chisholms.

Here, Maron moved to dismiss the suit because the supposed expert report tendered by the Chisholms did not illustrate that its creator, Elliot B. Oppenheim, M.D., was a qualified expert. That is, it allegedly failed to illustrate that the doctor was 1) trained or experienced in the field of orthopedic surgery (*i.e.*, Maron's field of practice) or 2) actively practicing or providing medical care services in that particular field. In granting the motion and dismissing the suit, the trial court obviously agreed with Maron.

On appeal, the Chisholms suggest that the report did show Oppenheim satisfied the second criteria because his resume indicated that he had written various articles read by others. Assuming *arguendo* that simply writing articles for a journal constitutes the practice of medicine for purposes of §14.01(a), the Chisholms do not argue that Oppenheim's vita established that he had experience in the field of orthopedic surgery.

5

That is also required.[1]   Instead, they seek reversal by urging  that 1) Maron waived complaint because it was untimely raised and 2) Oppenheim had to be deposed or evidence (apart from the report itself) had to be developed regarding his qualifications before the trial court could dismiss the suit.  We disagree.

Concerning the matter of waiver, the Chisholms are correct in arguing that statute obligates one objecting to the *qualifications* of an expert to do so "not later than the later of the 21st day after the date the objecting party receives a copy of the witness's [resume] or the date of the witness' deposition."  TEX. REV. CIV. STAT. ANN. art. 4590i, §14.01(e). Yet, Maron did not object to Oppenheim's qualifications of an expert.  Rather, he contended that the Chisholms did not comply with art. 4590i, §13.01(d).  Moreover, they failed to comply because the report in question does and did not illustrate that Oppenheim was qualified, as required by *Schorp* and the other authorities we discussed above.

Simply put, there is a difference between questioning an expert's qualifications and questioning a plaintiff's compliance with art. 4590i, §13.01(d).  Through the latter, the complainant is not necessarily saying the expert is unqualified.  Instead, he questions whether the report satisfied the conditions mandated by the legislature via art. 4590i, §13.01(d).  Those are distinct topics.  And, because they are distinct, the time limitation applicable to one's objecting to the qualifications of an expert do not apply to objections involving compliance with §13.01(d).  That the legislature intended this to be true is also

---

[1]Again, statute obligates the purported expert to have practiced medicine at the time the report was made or the claim arose, to have knowledge of the applicable standard of care, and to be qualified on the basis of training or experience to offer an expert opinion regarding the applicable standard of care.  TEX. REV. CIV. STAT. ANN. §14.01(a)(1) & (3) (Vernon Supp. 2001).

depicted by the wording of §14.01(e). There, the legislature stated that "pretrial objections to the qualifications of a witness *under this section. . . .*" must occur within the time allotted in §14.01(e). *See* Tex. Rev. Civ. Stat. Ann. art. 4590i, §14.01(e) (emphasis added). In using the passage "under this section," the legislature was undoubtedly referring to art. 4590i, §14.01, not §13.01. Given this, we eschew the invitation of the Chisholms to engraft the time restriction expressed in §14.01(e) into §13.01. If the legislature wanted the limitation to apply, it would have written the Act differently.

As to the remaining contentions of the Chisholms, to hold that a defendant must obtain evidence of the expert's qualifications from a source other than the expert report before contending that the report fails to establish the expert's credentials is to ignore *Palacios*. The same is true with the proposition that the trial court must have before it evidence, apart from the expert's report, before dismissing the suit under art. 4590i, §13.01(e). Again, the Texas Supreme Court restricted the trial court to the four corners of the expert report when determining the adequacy of the report. *American Transitional Care Ctrs. of Tex. Inc. v. Palacios*, 46 S.W.3d at 878. So, the defendant is not required to garner, nor must the trial court have before it, evidence other than the report before the cause can be dismissed due to non-compliance with §13.01(d).

Accordingly, the order dismissing the cause with prejudice is affirmed

Brian Quinn
Justice

7

Publish.