MEMORANDUM OPINION



No. 04-07-00793-CV



The Sepharic Sisters, Inc. d/b/a JOHN PAUL II NURSING HOME,


Appellant



v.



Lois L. DILLON,


Appellee



From the 81st Judicial District Court, Karnes County, Texas


Trial Court No. 06-05-00063-CVK


Honorable Stella H. Saxon, Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Karen Angelini, Justice

 Sandee Bryan Marion, Justice

 Rebecca Simmons, Justice


Delivered and Filed: March 12, 2008


AFFIRMED

 This is an accelerated appeal from an order denying Defendant, The Sepharic Sisters, Inc.
d/b/a John Paul II Nursing Home's ("nursing home") Motion to Dismiss Plaintiff, Lois L. Dillon's
healthcare liability claims. In a single issue, the nursing home complains that the trial court abused
its discretion in failing to dismiss Dillon's case "despite the undisputed fact that [Dillon] failed to
serve [the nursing home's] counsel with a report written by a medical expert in violation of Tex.
Civ. Prac. & Rem. Code [ann.] § 74.351(a)." We affirm the trial court's judgment.

Factual and Procedural Background


 In May 2006, Dillon filed suit against the nursing home alleging serious acts and/or
omissions in her care and monitoring while a resident at the nursing home. On September 26, 2006,
Dillon served the nursing home with two expert reports: one report was prepared by Dr. Audrey
Jones, a family practice physician; and a second report was prepared by Frances Lovett, an R.N. A
year later, Dillon designated Dr. Jones as her testifying medical expert and submitted the same expert
report previously served on the nursing home in accordance with §74.351(a).

 Dr. Jones was subsequently deposed in October of 2007, during which counsel for the
nursing home learned that Dr. Jones's report had been physically written by Dillon's counsel, Mr.
Baine. The nursing home subsequently filed its "Motion to Dismiss Plaintiff's Claims for Serving
Fraudulent Expert Reports Drafted by Plaintiff Attorney William Baine in Bad Faith for Audrey
Jones, D.O. and Frances Lovett, R.N. and For Sanctions Pursuant to Section 74.351 CP&RC and
Rule TRE 702, 703, 704 and Request for an Evidentiary Daubert Hearing Thereon." After an
evidentiary hearing, the trial court denied the motion in its entirety, whereupon this interlocutory
appeal followed.

Standard of Review and Applicable Law 


 We review the trial court's order denying the nursing home's motion to dismiss under the
abuse of discretion standard of review. See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46
S.W.3d 873, 875 (Tex. 2001); Emeritus Corp. v. Highsmith, 211 S.W.3d 321, 326-27 (Tex.
App.--San Antonio 2006, pet. denied). A trial court abuses its discretion when it acts without
reference to any guiding rules or principles or without evidentiary support underlying its decision.
Id.

 Chapter 74 of the Civil Practice and Remedies Code requires a health care liability claimant
to serve providers with expert reports within 120 days of filing suit. Tex. Civ. Prac. & Rem. Code
Ann. § 74.351(a) (Vernon Supp. 2007). If the claimant fails to timely serve a report, the trial court
must grant the provider's motion to dismiss the claim. §§ 51.014(a)(9), 74.351(b) (Vernon Supp.
2007). Section 74.351 further defines an "expert report" as follows:


 a report by an expert that provides a fair summary of the expert's opinions as of the
date of the report regarding applicable standards of care, the manner in which the
care rendered by the physician or health care provider failed to meet the standards,
and the causal relationship between that failure and the injury, harm, or damages
claimed. 


Id. § 74.351(r)(6) (emphasis added). 

Discussion


 In this case, the nursing home does not dispute that Dr. Jones's expert report was timely filed,
or that Dr. Jones is qualified to render her opinions. Nor does the nursing home contest that the
report provides a fair summary of Dr. Jones's opinions regarding the applicable standards of care,
the manner in which the nursing home breached the standards, and the causal relationship between
the breach and the resulting injuries to Dillon. Instead, the nursing home maintains that Dr. Jones's
report is not "a report by an expert" because Dr. Jones did not personally "author" or dictate the
report; therefore, the trial court erred in denying the nursing home's motion to dismiss based on
Dillon's failure to timely file an expert report as required by § 74.351(a). 

 However, § 74.351 does not define an "expert report" as a report an expert has personally
written but rather, as "a written report by an expert." Id. § 74.351(r)(6) (emphasis added). The
nursing home cites to several cases in support of its position that the statute requires an expert report
to be personally written by the expert, but none of the cited authority supports this position. See e.g.
Clark v. HCA, Inc., 210 S.W.3d 1, 6 (Tex. App.--El Paso 2005, no pet.) (issue was whether report
demonstrated that expert was qualified ) (citing In Re Samonte, 163 S.W.3d 229, 237-38 (Tex.
App.--El Paso 2005, orig. proceeding)(issue was whether report which simply stated that expert was
qualified by training or experience to testify as to a particular matter was an "expert report" as
defined by §74.351)); Schorp v. Baptist Memorial Health System, 5 S.W.3d 727, 732 (Tex.
App.--San Antonio 1999, no pet.) (issue was whether report that failed to indicate the name of the
doctor and his qualifications was an "expert report" as defined by §74.351); Tibbetts v. Gagliardi,
2 S.W.3d 659, 662-63 (Tex. App.-- Houston [14th Dist.] 1999, pet. denied) (issue was whether
letters from an attorney addressed to the doctor asking the doctor to respond to two questions by
marking "yes" or "no" was an "expert report" as defined by §74.351); see also Mimari, M.D. v.
Johnson, No. 04-06-00454-CV, 2006 WL 3206068, at *2 (Tex. App.-- San Antonio Nov. 8, 2006,
no pet.) (issue was whether letter written by plaintiff's attorney, which appeared on the attorney's
letterhead, was signed by the attorney, and did not refer to the physician or his qualifications, was
an "expert report" as defined by §74.351). 

 Additionally, we find the nursing home's reliance on Chisholm v. Maron, 63 S.W.3d 903,
906 (Tex. App.--Amarillo 2001, no pet.), to be misplaced. Although the Chisholm court, in
paraphrasing the statutory definition of an expert report, stated that an expert report "must be written
by an expert," the facts in that case did not involve another party authoring the report, nor was there
any discussion that §74.351 required the expert to personally write the report. Id. at 906.

 In this case, at the hearing on the motion to dismiss, Dr. Jones explained the process by
which her expert report had been prepared. She testified that she received and reviewed Dillon's
medical records from approximately seven different health providers, and then had several
conversations with Dillon's attorney, wherein she discussed her medical opinions at great length. Dr.
Jones further testified that she gave Baine very specific opinions and that Baine sent her an initial
draft of a report which she then modified to ensure it accurately reflected her professional opinions.
Additionally, Dr. Jones testified that the final report she signed accurately set forth her qualifications
and the opinions she had discussed with Baine on the telephone. Moreover, Dr. Jones testified that
at no time did Baine tell her what her opinion should be nor did she receive any instruction from
Baine regarding what opinions he wanted her to testify about. 

 Thus, notwithstanding the fact that the report was written by Blaine, Dr. Jones's detailed
conversations with Baine regarding her expert opinions, her modification to and subsequent
ratification of the report, and the fact that Dr. Jones did, in fact, render the opinions contained in the
written report sufficiently establish that the report was by Dr. Jones, an expert whose qualifications
the parties do not otherwise dispute. Id. § 74.351(r)(6). 

 Accordingly, the trial court did not abuse its discretion in denying the nursing home's motion
to dismiss. See Palacios, 46 S.W.3d at 875; Highsmith, 211 S.W.3d at 326-27.

 Conclusion


 Finding no error, we affirm the trial court's judgment. 


 Karen Angelini, Justice