

# NUMBERS 13-05-204-CV and 13-05-205-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

ARMANDO RAMOS, SR., ET AL.,                                        Appellants,

v.

DR. IAN RICHARDSON AND
VALLEY BAPTIST MEDICAL CENTER,                                     Appellees.

---

### On appeal from the 404th District Court
### of Cameron County, Texas

---

# MEMORANDUM OPINION

### Before Justice Yañez, Rodriguez, and Vela
### Memorandum Opinion by Justice Vela

This is an appeal from a trial court order granting motions to dismiss in favor of Ian Richardson, M.D. and Valley Baptist Medical Center, appellees, and against appellants, Armando Ramos, Armando Ramos, Jr., Laura Ramos, and Gloria Serna, individually, next of kin, friends and representatives of the estate of Elva Ramos (collectively "appellants" or "the Ramos Family") in an action for medical malpractice. Because we find that the Ramos Family failed to comply with the expert report requirements of section 74.351 of the Texas Civil Practice and Remedies Code, we find no abuse of discretion and affirm the judgments of the trial court.

I.
Background

A. Claims against Valley Baptist Medical Center and Dr. Richardson

The Ramos Family raises three issues on appeal. We analyze them together because all issues concern the adequacy of the expert report and the timeliness of the health care providers' objections filed in response pursuant to section 74.351 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (Vernon Supp. 2007). Appellants claim that the trial court abused its discretion in granting appellees' motions to dismiss. The Ramos Family urges that they properly and timely complied with section 74.351 and that appellees' objections to the expert report were untimely both as to adequacy and qualifications.

B. Procedural Background

On January 7, 2004, Armando Ramos, an inmate at the Texas Department of Corrections, filed a pro se lawsuit on behalf of the Ramos Family, alleging that Dr. Richardson was negligent in the care of Elva Ramos during an emergency room visit to

2

Valley Baptist and that Valley Baptist was negligent in providing competent medical care, including properly training medical staff. The claim is that appellees' negligence caused the death of Elva Ramos.

Both Valley Baptist and Dr. Richardson were served with amended petitions on January 7, 2005, one year after the suit was filed. There is nothing in the record to suggest that either Dr. Richardson or Valley Baptist was served with the original petition. Dr. Richardson filed his original answer and a motion to dismiss on January 24, 2005. His motion to dismiss was filed within 21 days of service and contained objections to both the sufficiency of the expert report and the qualifications of the expert. Valley Baptist filed its original answer and motion to dismiss on January 25, 2005, eighteen days after service. On the same day, Valley Baptist also filed its motion to dismiss, objections to the adequacy of the Ramos Family's expert report and a challenge to the qualifications of their expert.

The Ramos Family urges that the objections to the report were not timely because they served an expert report on March 29, 2004, a report that included the unsworn declaration of Chester William Ingram, Jr., a fellow inmate. Ingram was serving time in the penitentiary for aggravated kidnapping and his license to practice medicine had been suspended by the Texas State Board of Medical Examiners on September 17, 1991. The filing letter shows that Ingram's report was served by mail on Valley Baptist, but not served on Dr. Richardson. However, it was filed approximately ten months before either health care provider had been served with the lawsuit. The report was not accompanied by Ingram's curriculum vitae.

## II.
## Standard of Review

In resolving the issue of whether the trial court's decision to dismiss was proper, we apply an abuse of discretion standard of review. *Am. Transitional Care Ctrs. of Tex. Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001); *see also Meyers v. Golden Palms Retirement & Health Ctrs., Inc.*, No. 13-06-289, 2007 WL 1500819 at *2 (Tex. App.–Corpus Christi May 24, 2007, pet. denied) (mem. op.). Under this standard, we determine whether the trial court acted arbitrarily or without reference to any guiding rules or principles. *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003). We may not reverse a trial court's discretionary ruling simply because we might have decided it differently. *Id.*

## III.
## Applicable Law

Section 74.351 of the Texas Civil Practice and Remedies Code requires a claimant in a health care liability case to file an expert report with curriculum vitae not later than the 120th day after the claim was filed. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (Vernon Supp. 2007). According to the statute, an expert report is "a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed." *Id.* § 74.351(r)(6) (Vernon Supp. 2007).

An expert must be qualified in order to give an opinion about whether the physician or health care provider departed from the standard of care. In order to be qualified, a physician must be practicing medicine at the time the testimony is given or was practicing

4

medicine at the time the claim arose, must have knowledge of the accepted standards of medical care for the diagnosis, care or treatment of the illness, injury or condition involved in the claim, and must be qualified on the basis of training or experience to offer an expert opinion regarding those accepted standards of medical care. *Id*. § 74.401(a)(1),(2),(3) (Vernon 2005).

After an expert report and accompanying curriculum vitae are filed, any health care provider, whose conduct is implicated in a report, must file and serve any objection to the sufficiency of the report not later than the 21st day after the date the report is served or all objections are waived. *Id*. § 74.351(a).

IV.
Legal Analysis

A.  Did appellees waive the right to complain about the Ingram report?

Our review of the record in this case shows that the trial court did not abuse its discretion in dismissing the cases in favor of the health care providers. The Ramos Family suggests that appellees have waived their rights to complain about the Ingram report because neither Dr. Richardson nor Valley Baptist timely filed their objections. We disagree. The statute required the Ramos Family to serve the expert report and curriculum vitae on the defendants within 120 days of filing their claim. *Id.* § 74.351(a). The Ramos Family did not comply with the statute.

The filing letter and report, sent on March 24, 2004, can not be used to show waiver on Dr. Richardson's part. The record does not reflect that Dr. Richardson was served with the report as he was not named in the March 2004 letter. The letter was sent only to Valley Baptist Medical Center and an entity called "Western Litigation Specialist." Clearly, the

5

Ramos Family did not meet the requirements of the statute because they did not serve a report on Dr. Richardson with regard to the care allegedly rendered by him within 120 days after filing their claim, and they never served Dr. Richardson with a curriculum vitae. Further, the Ramos Family never served Dr. Richardson with the original petition and did not serve him with the amended petition until January 7, 2005, well past the 120 days allowed by the statute. Dr. Richardson did not waive his right to object to the adequacy of Ingram's report.

Valley Baptist also did not waive its right to complain about the adequacy of the Ingram report. Although a letter and unsworn declaration were purportedly served on Valley Baptist in March 2004, the hospital was not served with the lawsuit until January 7, 2005. Again, there was no curriculum vitae served with the March 2004 report.

Service of citation is the formal process by which a plaintiff gives a defendant notice that it has been sued. *Tex. Nat. Res. Conserv. Comm'n v. Sierra Club*, 70 S.W.3d 809, 813 (Tex. 2002). The statute governing health care liability claims defines a health care liability claim as "a cause of action against a health care provider or physician." TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13) (Vernon 2005). Valley Baptist should not have been required to respond and object to a report before it was served with the lawsuit. The statute assumes that the report be served on a "party." *Id*. § 74.351(a). If a potential party were required to submit to the trial court's jurisdiction before being served, it would be required to waive issues regarding jurisdiction and service requirements. A defendant should not be required to waive proper service of process in order to protect its rights under chapter 74 of the Texas Civil Practice and Remedies Code. The purpose of the statute is to reduce frivolous medical malpractice claims. *See Wickware v. Sullivan*, 70 S.W.3d 214,

6

219 (Tex. App.–San Antonio 2001, no pet.). Requiring a health care provider to respond to an expert report before being served with a lawsuit would not advance the purpose of the statute or the rules of civil procedure generally.

## B. The report was inadequate

Because appellees' objections were timely made, the trial court had the discretion to dismiss the case. The statute requires appellants to serve a curriculum vitae for each report. It is mandatory. *See Pena v. Methodist Healthcare System of San Antonio, Ltd.*, 220 S.W.3d 52, 54 n.2 (Tex. App.–San Antonio 2006, no pet.). The Ramos Family did not comply. The defect was properly objected to by both appellees and supports dismissal.

The trial court also had the discretion to dismiss the cause because the report offered was not prepared by a qualified expert. An expert report must be rendered by one qualified as an expert. *Chisholm v. Maron*, 63 S.W.3d 903, 907 (Tex. App.–Amarillo 2001, no pet.). In order to be qualified, the report must be prepared by a physician who is licensed to practice and practicing at the time of the testimony or when the claim arose. Tex. Civ. Prac. & Rem. Code Ann. § 74.401(Vernon 2005). Here, the evidence offered in appellees' respective motions to dismiss established that Chester William Ingram, the author of the report, was not a physician as he was not licensed to practice medicine in Texas. He was a fellow inmate who had lost his medical license long before the incident made the basis of the claim at issue. Appellees established that Ingram was not practicing medicine at the time the claim arose.

V.
Conclusion

In summary, the trial court did not abuse its discretion in deciding that the case should be dismissed for failure to present a timely and adequate report, with curriculum vitae, pursuant to Chapter 74 of the Texas Civil Practice and Remedies Code. We overrule all of appellants' issues and affirm the judgments of the trial court.


ROSE VELA
Justice


Memorandum Opinion delivered and
filed this 24th day of April, 2008.