**SOUTHWESTERN INVESTMENT COMPANY, Appellant,**

v.

**Juan ALVAREZ, Appellee.**

**No. 5971.**

Court of Civil Appeals of Texas.

El Paso.

May 28, 1969.

Addendum June 11, 1969.

Rehearing Denied July 9, 1969.

Clayton & Clayton, Amarillo, for appellant, Cleo G. Clayton, Jr., Amarillo, of counsel.

San Dwyer, Jr., El Paso, for appellee.

## OPINION

FRASER, Chief Justice.

Appellee states that he, as plaintiff below, instituted this suit against appellant, defendant below, for the conversion of plaintiff's automobile in violation of an agreement made between the plaintiff and defendant (hereafter appellee will be referred to as plaintiff and appellant as defendant). The case was tried before a jury and the trial court entered judgment for plaintiff on the jury's findings that the agreement had been made and that it was violated by the defendant's act of conversion. The trial court awarded actual and exemplary damages in favor of plaintiff.

The defendant's brief sets forth that the plaintiff amended his petition so that he asked for only the sum of $711.11 actual damages. The case was submitted to a jury, which determined that the market value of the car was $1,500.00. On such pleadings and the verdict of the jury as returned, the trial court entered judgment against the defendant in the sum of $1,-500.00 actual damages and $5,000.00 exemplary damages.

Plaintiff testified that in February and March of 1964 he was out of a job and became two months late on payments for the car in question, which was a 1962 Ford station wagon. He states that he went to the offices of the defendant to ask for an extension *before* he became two months' delinquent, which would be some time prior

to March 20, the due date of the payment. He testified that the agent of the defendant told him that he would take the car until plaintiff made up his two delinquent payments, and it was agreed that the defendant would pay a late charge for the two delinquent payments at the time they were to be made. Plaintiff further testified that one week after he had given up temporary possession of the car to defendant, he went to the offices of the defendant with the payment in hand and was told to talk to a certain agent, but that the agent was busy. He returned the next day, which was Saturday, but the offices were closed. He testified that he returned the following week with both payments in hand, at which time the agent for the defendant told the plaintiff that the car was at El Paso Ford and to "go and take it". Plaintiff alleges that he went down to the El Paso Ford and found that his car had been sold "a few days ago", and that he then returned to the office of the defendant with the two payments in hand in order to take possession of his automobile. Plaintiff maintains that this testimony reveals that defendant had delivered the car to El Paso Ford and that El Paso Ford had sold the car, all within ten days after plaintiff had given the car to the defendant in reliance upon the agreement. Plaintiff maintains that by virtue of defendant's prior conduct toward plaintiff in months and years past regarding late payments, it had become estopped to assert an inconsistent course of action by which it breached its agreement with the plaintiff and which it knew would cause damage to the plaintiff.

■ Defendant's first point charges the trial court with error in overruling defendant's oral motion in limine. This motion asked the court to forbid any testimony about prior transactions of a similar nature between the parties; in other words, defendant asked that the court preclude any testimony of prior delinquencies and agreements to take care of them, as has been heretofore set forth. We have examined the record and find other instances between the same parties where the plaintiff fell behind in his payments and was permitted to retake his car and resume his payments. There is also testimony by the defendant that depending on the circumstances, the company might let a man make up "several" unpaid payments depending upon the man's prior record, etc. We see no harm in this sort of testimony and further believe it admissible because it tends to show the manner of business that had been transacted for many years between the parties, such manner amounting practically to a "system". We do not find any instance where the parties' past negotiations should be harmful to defendant, or improperly included in the testimony. This point is overruled.

■ Appellant's second and third points allege that the court erred in awarding actual damages to the plaintiff in the sum of $1,500.00. We do not think these points have merit, as plaintiff was damaged not only for the difference between what he owed and the sale price to the third party, but by the failure of the defendant to credit the tradein for initial down payment on the automobile in question. It is apparent that the jury, having heard the testimony and viewing the exhibits, felt that plaintiff was damaged in the sum of $1,500.00 by the violation of the agreement between himself and defendant. We feel that the record shows ample evidence to substantiate this finding. These points are therefore overruled.

■ Appellant's Points 4, 5, 6, 7 and 8 maintain that the trial court was in error in holding in favor of the plaintiff and the jury's verdict because there is no evidence that this defendant had, by reason of its conduct, precluded itself from either taking or disposing of plaintiff's automobile under the powers vested in the defendant and the provisions contained in the note and chattel mortgage executed by plaintiff; that there was insufficient evidence to substantiate the court's action. We believe these points must be overruled because, as already stat-

ed, there had been a long series of similar transactions between the parties, and plaintiff had the right to rely upon the same system being employed here, especially in the absence of any evidence to the contrary. True, there was a note and chattel mortgage, but the evidence is ample to show that the payments and penalties under same had been mutually extended by oral agreement between the parties concerned. These points are therefore overruled.

 Appellant's Points 9 and 10 charge the court with error in entering judgment on the jury's verdict because plaintiff failed to establish by any evidence, or sufficient evidence, that he was relieved of a contractual obligation as contained in the note and chattel mortgage held by defendant, and therefore was by the court erroneously relieved from said contractual obligations. We feel that these points must also be overruled by virtue of the oral contract or agreement relating to the note and chattel mortgage. If, of course, plaintiff had not lived up to them, or tried to, a different result would be reached; but the record reveals that he made several efforts to keep up with the matter and presented himself with the money at the premises of defendant. Plaintiff testified that one week after he had given up temporary possession of the car, he went to the offices of the defendant with the payment in hand. He testified that he had attempted to pay the money or discuss the matter, but the agent was busy, and the next day being Saturday plaintiff could not gain admission because the office was closed. He testified further that he returned the following week with both payments in hand, at which time the agent for the defendant then told the plaintiff that the car was at El Paso Ford, and to "go and take it". As stated above, he found that El Paso Ford had sold his automobile. We agree with plaintiff that defendant was in error, as the testimony reveals that it had delivered the car to El Paso Ford, and that El Paso Ford had sold the car, all within ten days after the plaintiff had given the car to defendant in reliance upon the agreement. We feel estoppel does apply here because of the transactions between the parties in months and years past, where plaintiff had turned in the car and then redeemed it. We find nothing in the record to show that this "system" would be changed or canceled by defendant, thereby creating the area of estoppel, as plaintiff had no reason to believe that the oral agreement he alleges was made would not be kept. He was therefore induced by the speech and/or conduct of defendant into a position causing him loss or injury; in other words, to change his position for the worse. Such estoppel, described as "equitable estoppel", arises where, by the fault of one party, another has been induced to change his position for the worse; and that, we think, is the situation in this matter. It is elementary that estoppel binds the parties regardless of their intention if the other party would be injustly prejudiced.

 Appellant's Points 11 and 12 deal further with the matter of estoppel and maintain that the trial court erroneously entered judgment against this defendant for the conversion of plaintiff's automobile as being inconsistent with the "written agreement" that defendant would be entitled to possession of such automobile upon failure of plaintiff to meet his note payments, and that the court erred for the same reasons in holding that the defendant was not authorized to dispose of the automobile at private sale under the same written agreement upon plaintiff's failure to meet his note payments. These two points rely primarily on the case of Phoenix Furniture Co. v. McCracken, Tex.Civ.App., 3 S.W.2d 545 (n. w. h.), but we do not think that the case is in point, as the agreement in the Phoenix case was that the defendant would not repossess while plaintiff was out of town and before defendant could give her a report on her account. The situation here is different. The plaintiff had an oral agreement under which he promised to pay the defendant. In Margules v. Crim., Tex.Civ.App., 331 S.W.2d 372 (n. r. e.), it

has been held that consideration is not necessary to create equitable estoppel. In addition to these facts, plaintiff had also given his promise to pay a late charge in addition to his delinquent payments at the time they were made, and surely this extra late charge would be classified as "consideration" under the oral agreement. Lastly, the parties had agreed under the extension heretofore mentioned that plaintiff could have additional time to pick up his delinquent payments. It was during this period that plaintiff claims defendant violated its agreement and sold the car. We do not find any merit in these two points, and they are accordingly overruled.

Appellant's Points 13, 14, 15 and 16 claim error in that there is no evidence that the defendant disposed of the automobile in any manner not in keeping with the prevailing trade practices; that there is not sufficient evidence to prove this point; that the court erred in entering judgment on the jury's verdict on the ground that there is no evidence that plaintiff suffered pecuniary loss from the wrongful sale; and that there is no evidence that plaintiff sustained actual damages because defendant, in selling the car back to the dealer, received and applied to plaintiff's debt more than the wholesale value of the automobile. We do not think there is any error in these points, as all the incidents pertaining to the controversy occurred prior to the effective date of the Uniform Commercial Code in Texas. In any case, the real issue is not to whom, or for what price, or how, the defendant disposed of the automobile, but whether it should have disposed of it at all, in breach of its oral agreement with the plaintiff. With reference to Point 16, this is a fact matter, and we think that, with ample evidence, the jury found against the defendant and in favor of the plaintiff. The question presented as to malice is not the manner in which it is done, but whether or not it was maliciously done. These points are accordingly overruled.

Defendant's Points 17, 18, 19 and 20 maintain that the trial court erred in entering judgment against this defendant on the jury's verdict because there is no evidence or insufficient evidence to establish that the defendant was in any way estopped from exercising all its contractual rights and privileges under the mortgage, and further that the plaintiff did not submit to the jury for determination any act which could constitute such estoppel, and that the court therefore erred in entering judgment because of the plaintiff's failure to submit to the jury any determination of the fact issue constituting estoppel of this defendant to assert its contractual rights and privileges, and that plaintiff did thereby waive estoppel. We think these points must all be overruled. We have been over this matter before, and there is testimony that there was an agreement between the parties to extend the time of payment, and that plaintiff did make efforts to comply with this said agreement, and there is testimony that his efforts were rebuffed and the car sold to another person. It is true that parties are bound by written instruments, but, as has been set forth here, the time for payment was extended by the defendant, and the plaintiff, in addition, agreed to make a late payment. He testified that he was trying to do all these things but was not permitted to do so. For these reasons we think a definite agreement relating to the chattel morgage was created, and that defendant was guilty of violating the agreement and is therefore estopped from asserting that the parties must abide entirely, strictly and fully with the chattel mortgage as it was originally written, but, on the contrary, was guilty as the jury found of conversion of the plaintiff's automobile. For these reasons the above points are all overruled.

Defendant's Points 21, 22, 23, 24, 25 and 26 charge that the court erred in entering judgment against this defendant on the jury's verdict because there is no evidence that plaintiff was entitled to such possession of the automobile on the occasion in question as to authorize recovery by plaintiff for conversion; that there is insufficient evidence regarding this point; that the

trial court erred in entering judgment against this defendant upon an oral contract contrary to the terms of a written contract between the parties because such oral contract constituted nothing more than a nudum pactum; that the trial court further erred in rendering judgment against this defendant upon an oral contract because such oral contract was unenforcible for want of consideration; that the trial court erred in rendering judgment against this defendant upon an oral contract contrary to the terms and provisions of the written contract existent between the parties, and such was so indefinite as to be unenforcible in law; and that the oral contract failed to bind the plaintiff to forbear payment of his note obligation for a definite period of time for a consideration therefor. We think these points must all be overruled, as we have already discussed the oral agreement; that such oral agreement was not a nudum pactum, as there was ample consideration and it was therefore enforcible in law; that it was sufficiently definite in law and sufficiently definite as to the time regarding the forbearance of payment. These matters have all been discussed before, and we will therefore not enter into a further discussion on each point. These points are all overruled.

■ Appellant's Points 27 and 28 charge error against the court because there was no evidence warranting the instruction concerning the term "apparent authority"; and in Point 28, charges that there was insufficient evidence for the court to have made such charge.

Appellant's Point 29 alleges there are no pleadings to warrant such charge, and in Point 30 defendant claims that the court erred in submitting this charge separate and apart from the special issues submitted, and that it did thereby erroneously presume and lead the jury to presume that the conduct of Ed Coman, or any act on his part, standing alone without a specific finding of the jury thereon, would constitute actual authority or apparent authority to make the oral agreement relied upon by plaintiff.

Point No. 31 is to the same effect, and Point No. 32 claims that the action of the court in submitting said definition placed an undue and onerous burden of proof on defendant. Point 33 is to the same effect, with the additional statement that such definition by the court shifted the burden of proof upon this defendant to establish that Ed Coman did not possess either actual or apparent authority. Point 34 is substantially to the same effect.

Point 35 charges that the trial court erred in entering judgment on the jury's verdict against this defendant based on the blanket instruction regarding "authority", claiming that the court did thereby erroneously lead the jury to believe that if Ed Coman made an oral agreement, as relied on by plaintiff, such a determination, standing alone, would bind the defendant to the oral agreement. Point 36 is to the same effect in that it says that the court was in error because of the absence of any pleadings of plaintiff as to "apparent authority".

■ It must be remembered that these transactions between plaintiff and Ed Coman and other employees of the company took place in and upon the premises of defendant. There would be no reason, in our minds, for the plaintiff to inquire as to establishing the authority of the person with whom he was dealing or talking. He had been doing this sort of thing with this company for years. In addition to that, it is clear from the facts adduced in this trial that the manager of the company knew, or certainly should have known, of this transaction. It is difficult to determine how the defendant could have sold the car without all these facts having been known to it. The agent stated that he was "collection manager" for the defendant company, and this would certainly create an appearance of this agent's authority to enter into agreements on behalf of the defendant concerning the collection of its accounts. It has been held that knowledge of facts on the

part of the party to be estopped may be imputed when the party is in such position that it should have known. We think that situation exists here, and we repeat that these transactions took place on the premises and in the office of the defendant. The said agent admitted making the extension agreement. For these reasons, all of the above-numbered points should be and are accordingly, overruled.

Appellant's Points 37 through 44 relate to the court's submission of Issue No. 1, which reads as follows:

"Do you find from a preponderance of the evidence that defendant, through its agent, servant and employee, Ed Coman, agreed to hold the 1962 Ford in question, until after March 31, 1964, to permit plaintiff to pay the payments for February, 1964 and March, 1964?

"Answer 'yes' or 'no'.

"ANSWER: Yes."

The aforementioned points of error claim that the issue does not determine that plaintiff agreed to forbear not to pay defendant at a given or definite date, and/or that defendant agreed to forbear exercising any of its rights up to a given definite date; that the court erred in entering judgment against this defendant because there did not exist a sufficiently definite oral contract between plaintiff and defendant; that there is no evidence warranting the submission of this issue; that there is no evidence supporting said issue; that the evidence is insufficient to support the said issue; that the jury's finding, favorable to plaintiff, is so against the great weight and preponderance of the evidence as to be manifestly unjust; that the plaintiff made judicial admissions that he failed to comply with the oral agreement, which would remove said oral agreement from the area of "disputed fact"; that the court erred in entering judgment against this defendant because plaintiff had judicially admitted that he had failed to comply with such oral

agreement prior to any alleged violation thereof by this defendant.

We will discuss these points as a group. First, the existence of an oral agreement may be proved by circumstantial evidence as well as by direct evidence. Clower v. Brookman, Tex.Civ.App., 325 S. W.2d 440. The question as to whether or not there was sufficient evidence or no evidence that the plaintiff made judicial admissions that he had not complied with the oral agreement is a question that was determined by the court upon what we think was ample evidence. According to the record we do not find that the jury's finding that there was such an oral agreement was against the great weight and preponderance of the evidence. Summing up this group of points, it must be said that they are all points found in favor of the plaintiff upon what we consider to be correct law and ample evidence. These points are accordingly overruled.

Appellant's next group of points numbers from 45 through 52. Points 45 and 46 find there is no, or insufficient, evidence to show that Ed Coman was authorized to bind this defendant by the oral agreement relied upon by plaintiff, and that the court erred in entering judgment because the finding was against the great weight and preponderance of the evidence. We overrule these points, as the record shows that Coman dealt for the defendant with the plaintiff, and he states in the record that the supervision of the entire operation of the business is under the control of the manager, but that he, Mr. Coman, was authorized to handle matters of this sort. Further, the record shows many conversations, some correspondence, and notices using the word "we" transpiring between him and plaintiff; as, for example, it is in the record that during one of his conversations with plaintiff, plaintiff said he was behind and would pay up on the 27th of March, 1964. Mr. Coman was then asked the question, "Was that agreeable with you?", to which he answered "Yes". Later on, to-wit, Friday the 27th, plaintiff stated he could not make the pay-

ments, and Mr. Coman testified that plaintiff told him defendant could pick up the car, and that such was done the following day.

■ Points 48, 49 and 50 charge the court with error in entering judgment against this defendant because there was no, or insufficient, evidence to sustain the jury's finding that Mr. Coman was acting within the scope of his employment in making the oral agreement relied upon by plaintiff; and Point 50 says the jury's answer is against the great weight and preponderance of the evidence. We overrule these three points as the record shows both documentarily, and by testimony, evidence that Mr. Coman was the collection agent and that Mr. Bobo was the manager. Documents show to have been processed through the office. Further, the record shows that the plaintiff had been dealing in such a manner with the defendant for a number of years and on a number of occasions. It is inescapable, from the record, that the manager knew of this oral agreement and knew that it was between plaintiff and defendant through Mr. Coman. There is no evidence that the office, under Mr. Bobo, the manager, canceled or tried to cancel the oral agreement; but on the contrary, by permitting it to go on, in effect ratified the said agreement. These points are accordingly overruled.

■ Appellant's Point 51 charges error on the part of the court by instructing the jury that if Ed Coman, while engaged in the service of the defendant, made any such oral agreement with plaintiff, then defendant would automatically and simultaneously become bound thereby without regard as to whether or not Mr. Coman possessed the authority to so bind this defendant. Point 52 is substantially to the same effect. We do not find merit in these points, as the court merely charged the jury what "within the scope of his employment" meant, and stated that it means while engaged in the service of his master or while about his master's business. We do not consider that

instruction to contain any error and find no merit in Points 51 and 52. Further, the instruction does not, in our opinion, in any way instruct or imply to the jury the matters raised in these two points. Therefore, these points are overruled.

Appellant's Points 53, 54 and 55 charge that the court erred in entering judgment against this defendant on the jury's finding in answer to Special Issue No. 3, because of the alleged erroneous instruction regarding the term "within the scope of his employment". Defendant charges that the court erroneously presumed that Coman was authorized to bind the defendant by this oral agreement and that the court committed error in failing to require the jury to determine by a preponderance of the evidence that Mr. Coman was possessed of authority to make the oral agreement "while engaged in the service of this defendant and while about this defendant's business. We have already discussed this matter, and do not find error in these matters. The record reveals that Mr. Coman was actively engaged for several years with the company and appears, from the record, to have handled the entire transaction with the plaintiff. We do not believe that the erroneous presumptions set forth by defendant existed, and as we have said before, the instruction was simple, direct, and correct. Therefore, these three points are overruled.

■ Appellant's Point No. 56 alleges that the court committed error in submitting Issue No. 4, and alleges that it should be a question of law rather than of fact. The issue reads as follows:

"Do you find from a preponderance of the evidence that defendant, through its agents, servants and employees, on or about March 31, 1964, did take and convert to its own use the plaintiff's 1962 Ford in question?

"Answer 'yes' or 'no'.

"In connection with the foregoing question, you are instructed that 'conversion'

is defined to be any distinct act or dominion wrongfully asserted over another's property, in denial of his right or inconsistent with it.

"ANSWER: Yes."

We find no merit in this point and accordingly overrule it.

Appellant's Point 57 charges error in that the court submitted a global issue in submitting Issue No. 4 as it is worded. We do not find that such issue is such a general charge as to be erroneous. This point is therefore overruled.

Appellant's Points 59, 60 and 61 all deal with the matter of the jury's findings in answer to Special Issue No. 5, maintaining that there is no jury finding of a fact issue that the defendant, acting by and through someone possessed of the necessary authority or capacity, made the oral agreement with plaintiff, and further that the defendant did not authorize any of its agents, servants or employees to make such oral agreement. We find no error in the court's submission of this issue and do not feel, as stated by appellant, that the court submitted a global issue to the jury without requiring the jury to make specific fact findings. These points are therefore overruled.

Appellant Points 62 and 63 charge error on the part of the court in entering judgment against this defendant on the jury's findings in answer to Special Issue No. 5 on the ground that there is no evidence, or the evidence is insufficient, to support the finding. Said issue is as follows:

"Do you find from a preponderance of the evidence that the defendant authorized its agents, servants and employees to take such action in the manner in which it was done, if you have found it was done?

"Answer 'yes' or 'no'.

"ANSWER: Yes."

We do not find merit in these points, either, as this was a busy office and, as the record reveals, the manager, Mr. Bobo, and Mr. Coman and other employees all worked in the same office handling the business, making up the records and doing the usual and general things that are done in an office. Lastly, the record shows that the plaintiff had been dealing with defendant in this manner and on this basis for many years. We feel, therefore, that Mr. Coman, as collection agent and member of the office force, had sufficient authority to make the agreement that he did. These two points are overruled.

Appellant's Points 64 and 65 are repetitive in that they charge the court with error in submitting Issue No. 5 as a global issue, requiring the jury to deal in generalities and thereby return a general verdict. We have been over this matter and have quoted Issue No. 5, and we do not find any error in these two points. They are accordingly overruled.

Appellant's Points 66 and 67 charge the court with error in entering judgment against defendant on the jury finding in answer to Special Issue No. 6 because said Issue No. 6, when taken in conjunction with Issue No. 5, fails to require the jury to make specific fact determinations, but authorizes the jury to deal in generalities.

Special Issue No. 6 is as follows:

"Do you find, from a preponderance of the evidence that such action in the manner in which it was done, if you have found it was done, was done within the scope of employment of such agents, servants and employees?

"Answer 'yes' or 'no'.

"In connection with the foregoing question, you are instructed that the term 'within the scope of employment' means while engaged in the service of the master or while about the master's business.

"ANSWER: Yes."

Defendant futher charges that the court erred in entering judgment against this defendant on the jury findings in answer to Special Issue No. 4 because such issue, when taken in conjunction with Special Issue No. 5, authorizes the jury to deal in generalities and fails to require the jury to

make specific fact determinations. We do not find error as charged in these points, as they are obviously, from an examination of the wording of the issues themselves, lacking in merit. These points are therefore overruled.

■■■■ Appellant's Points 68, 69 and 70 maintain that the trial court erred in entering judgment against this defendant on the jury finding to Special Issue No. 8 (which issue inquires if plaintiff is entitled to exemplary damages) on the ground that there is no evidence that any person duly authorized to act for and on behalf of this defendant as vice principal, was so acting within the scope of his employment for the defendant when "converting" plaintiff's automobile while then influenced by ill-will, evil motive, gross negligence or any other conduct which would warrant or sustain a recovery against this defendant on a jury finding; and in Point 69, defendant maintains that the trial court erred in entering judgment against the defendant on the jury finding to Special Issue No. 8 because such finding is not supported by sufficient evidence that the defendant, through any person duly authorized to act for or on its behalf, did or performed any act consisting of malice, oppression or gross negligence, or consisting of any type of conduct which would warrant or sustain recovery on the jury findings; and lastly, in Point 70, the appellant maintains that the trial court erred in entering judgment on the jury findings to Special Issue No. 8 because there is no evidence that this defendant acted with malice toward plaintiff or with ill-will toward plaintiff, or with a wanton or reckless disregard of plaintiff's rights, or with evil motive or evil intent to do plaintiff harm on any occasion pertinent thereto. The court's definition regarding Issue No. 8 is as follows:

"In connection with the preceding question, you are instructed that exemplary damages may be assessed as punishment for a wrongful act done, if any, if the facts warrant the same. In awarding such damages, if any, you may consider the wrong and insult, if any, to which plaintiff was subject as the result of the wrong act, if any. The amount to be fixed, if any, is within the sound discretion of the jury."

We have considered this issue and its definition, and whether or not it is adequate. However, the question as to whether it is an adequate and proper definition has been waived by defendant for the reason that it did not submit what it considered a proper definition in its place, and so these contentions relating to the definition of exemplary damages are waived. It will be recalled that plaintiff made several efforts to contact defendant and pay up his indebtedness, and his last effort, made before his time was up, uncovered the fact that his car had been sold to another company without notification to him. The jury found that this was in violation of the oral agreement. This, in our opinion, would make it, under the definition of exemplary damages, a "wrong" entitling plaintiff to have the jury consider it a matter of exemplary damages. We do not find error in the submission of the issue, or the jury's answer thereto. We find and believe that there was adequate evidence to warrant the jury in finding that the defendant had done the plaintiff a wrong, as described under the exemplary damage portion of the law. These three points are therefore overruled.

Appellant's Points 71, 72 and 73 deal with the same subject as the preceding points and came under the reasoning of the points relating to Issue No. 8. The legality of the definition of exemplary damages having been waived by the defendant in that it did not submit what it considered a proper one in its place, these points are overruled.

Appellant's Point 74 is to the same effect and is overruled for the same reasons as set forth in the preceding points.

Appellant's Points 75 and 76 allege that there is no evidence, or insufficient evidence, to show ill-will, evil motive, etc., on the part of somebody acting within the scope of his employment for this defendant, in disposing of the automobile. We

overrule these two points for the same reasons as set forth relative to the definition of exemplary damages attached to Issue No. 8.

Appellant's Point No. 77 charges the court with error in failing to submit defendant's Special Issue No. 2 in lieu of Special Issue No. 8, as submitted by the court. This matter, we think, has already been adequately discussed, and our finding is clear that the suggested Issue No. 2 is not a proper issue under the circumstances. This point is therefore overruled.

Appellant's Point 78 charges that the court erred in entering judgment against defendant on the jury finding to Special Issue No. 4 because there is no evidence that plaintiff possessed such right in, or title to, the automobile as would authorize the recovery against this defendant for conversion. This point must be overruled because the record shows in many places that the automobile belonged to the plaintiff; otherwise he would not have been paying out the mortgage on it. It was not a leased automobile. This point is overruled.

Appellant's Point 79 will not be considered, as defendant apologizes for the restatement and closing of this point, as it is heretofore considered as Point 56 in its brief.

Points 80 and 81 charge that the court erred in entering judgment against defendant on the ground that Issue No. 4 as submitted is a global issue and gives the jury the unbridled and unlimited province to consider any act existent solely in the minds of the jury without ascertainable responsibility therefor and without requiring the jury to make any specific findings that would constitute conversion. We think this issue is properly stated and, with the definition, properly placed the issue before the jury. These points are overruled.

Appellant's Points 82, 83 and 84 maintain that the exemplary damages as found by Issue No. 9 are excessive, oppressive and not supported by sufficient evidence. Points 83 and 84 are overruled, as we feel that the record here shows that these issues are supported by ample evidence and are not oppressive. Point 82 maintains that the said exemplary damages are excessive. We agree with appellant's position on this point and feel that the exemplary damages are excessive to the extent of $2,500.00 under the circumstances here present. This point is accordingly sustained.

Appellant's Point 85 charges the court with error in refusing to allow defendant to present to the jury the evidence of C. B. Bobo regarding the wholesale value of the automobile, and that the automobile was disposed of by defendant in a manner in keeping with the prevailing trade practices among reputable businesses and commercial enterprises engaged in similar businesses as that of this defendant, because such evidence was material for consideration by the jury in connection with an issue submitted by the court pertaining to "exemplary damages" possessed of elements to be determined regarding malice, ill-will, evil intent or wanton or reckless disregard of the plaintiff's rights on the occasion in question. This matter has been fully considered in preceding points and needs no further discussion, and is accordingly overruled.

Appellant's Points 86, 87 and 88 maintain that the trial court erred in entering judgment against defendant on the jury findings to Issues 6 and 3. These matters have all been considered and, we think, do not merit further discussion, as they deal with "scope of employment" relating to the actions of employees of defendant. These points are overruled.

Appellant's Points 89 and 90 charge that the court erred in awarding the sum of $5,000.00 exemplary damages in addition to the amount found in answer to Issue No. 7, because such finding constitutes a "double recovery" for actual damages. We do not find merit in these points. The matters constituted therein have been discussed and considered heretofore in this opinion, and we therefore overrule these two

points. The books are full of cases where both actual and exemplary damages have been awarded.

Due to the excessiveness of the exemplary damages under Appellant's Point 82, it is our holding that this cause should be reversed for this reason only. However, plaintiff is given fifteen (15) days from this date to file a remittitur in the sum of $2,500.00. If such remittitur is filed within the time indicated, the judgment of the trial court will be reformed and affirmed.

Reversed and remanded.

## OPINION AFTER ENTRY OF REMITTITUR

Appellee, Juan Alvarez, has filed and entered remittitur of $2,500.00 as exemplary damages, as suggested by a former opinion of this court. The judgment of the trial court is reformed in conformity with said remittitur, and as reformed, it is affirmed.

All costs of appeal to the date of remittitur will be assessed against appellee. All costs in the trial court are assessed against appellant.